UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $30,000.00 U.S. Currency and | § | |
| $69,998.99 in Money Orders, | § | |
| Defendants. | § | |

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM AND NOTICE TO POTENTIAL CLAIMANTS

Plaintiff, the United States of America, by and through the United States Attorney, Alamdar S. Hamdani, and the undersigned counsel, Jim McAlister, Assistant United States Attorney, files this action for forfeiture *in rem* against the above-captioned property. The United States respectfully alleges on information and belief as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The seized currency is in the Southern District of Texas and is within the jurisdiction of this Court.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b). Acts and omissions giving rise to forfeiture occurred in the Southern District of Texas.

## PROPERTY SUBJECT TO FORFEITURE

3. The property is described as follows: $30,000 in U.S. Currency and $69,998.99 in Money Orders (the "seized currency"), which were seized at Hobby Airport on February 15, 2023, by law enforcement officers from a suitcase belonging to Tu Linh Nguyen.

4. On or about May 10, 2023, Mr. Nguyen submitted a claim to the U.S. Immigration and Customs Enforcement (hereinafter "ICE") contesting administrative forfeiture of the seized Currency.

## STATUTORY BASIS FOR FORFEITURE

5. The seized currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

6. The seized currency is subject to forfeiture, under 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957, money laundering, and 18 U.S.C. § 1960, conducting an unlicensed money transmitting business, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violations listed in this paragraph.

## FACTUAL BASIS FOR FORFEITURE

7.  On February 15, 2023, Mr. Nguyen was contacted by law enforcement officers at the Hobby airport, which is located in Houston, Southern District of Texas. Members of U.S. Immigration and Customs Enforcement (hereinafter "ICE") and Homeland Security Investigations (HSI) recognized Mr. Nguyen from previous investigations. (See paragraph 10).

8.  Law enforcement approached Mr. Nguyen and obtained a consent to search his carry-on baggage and his checked baggage. A search of Mr. Nguyen's checked baggage produced stacked bills between the clothing and money orders (with no payee) throughout the luggage, including money orders secreted in the lining. (Note: The money orders in the lining were not discovered until after the suitcase was brought back to the HSI office.) A total of $30,000 in US currency and $69,998.99 in money orders was seized from Mr. Nguyen.

9.  Agents questioned Mr. Nguyen, who stated that he was transporting the currency for a friend, but he would not identify the individual.  Mr. Nguyen also claimed that he did not count the currency and he did not claim the currency as earned income.  Mr. Nguyen was not placed under arrest, but the currency was seized.

10. Mr. Nguyen has attempted to transport currency from dubious sources in the past.  On February 15, 2019, $51,505 in U.S. currency was seized from Mr. Nguyen at Hobby Airport in Houston.  On April 10, 2020, $37,575 in U.S. currency and $36,000 in money orders was seized from Mr. Nguyen at Hobby Airport.  On May 28, 2020, Mr. Nguyen attempted to mail $30,080 in currency to a California based cannabis distribution

company. In all cases, the currency was administratively forfeited because Mr. Nguyen did not contest the seizure or explain the source of the income.

11. A criminal history check showed that Mr. Nguyen was convicted of possession of marijuana in 2013. He was also arrested on December 14, 2020, for possession of 20 kilograms of marijuana in his vehicle during a traffic stop for which he received pre-trial diversion.

12. An investigation into Mr. Nguyen's employment does *not* show a legitimate source of income. According to the Texas Work Force Commission, Mr. Nguyen does not have a record of employment in Texas. In addition, a check of various databases and social media sources did not produce a means of employment for Mr. Nguyen.

13. The evidence collected, $30,000 in U.S. Currency was deposited into an authorized bank account. The $57,399.99 in Western Union Money Orders, $2000 in MoneyGram Money Orders and $10,599 in Fidelity Express Money Orders, were converted to cashier's checks and deposited into an authorized bank account. All the of described property was involved in transactions subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) and Title 21 U.S.C. § 881(a)(6). (See paragraphs 5 and 6).

14. Mr. Nguyen was allowed to complete his flight, if wished, and information was sent to him regarding how to file a claim. The money orders were converted to cashier's checks and Mr. Nguyen was later given a receipt for all the seized currency.

15. Law enforcement transported the seized currency to a secure facility used to process bulk currency seizures. Once there, the money was counted and deposited into a U.S. Customs and Border Protection account for federal processing.

## CONCLUSION

16.    Based on the foregoing facts, there is probable cause to believe that the seized currency was involved in money laundering and part of an unlicensed money transmitting business and was intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 801, et. seq., or was proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the seized property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The verified claim must be filed no later than thirty-five (35) days from the date this complaint was sent to you, in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim.  The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, 515 Rusk Avenue, Houston, Texas, 77002. A copy must be served upon the undersigned Assistant United States Attorney either electronically or at the address provided in this Complaint.

## **RELIEF REQUESTED**

The United States will serve notice, along with a copy of the Complaint, on any other persons who reasonably appear to be potential claimants in this matter. The United States seeks a final judgment forfeiting the seized currency to the United States and any other relief to which the United States may be entitled.

Respectfully submitted,

ALMADAR S. HAMDANI
United States Attorney

/s/ Jim McAlister
Jim McAlister
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Phone: 713-567-9571

## **VERIFICATION**

I, Terry Muise, a Special Agent employed by the Immigration and Customs Enforcement, Homeland Security Investigations, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 7-15 are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the _31ˢᵗ_ day of July 2023.

Terry Muise, Special Agent
Immigration and Customs Enforcement